**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BR IP Holder LLC, et al., | No. CV-26-01275-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| Hira 31 Corporation, et al., | |
| Defendants. | |

On March 9, 2026, Plaintiffs BR IP Holder LLC and Baskin-Robbins Franchising LLC (collectively, "Plaintiffs") filed a Motion to Hold Defendants in Contempt and Impose Sanctions (Doc. 18). In their Motion, Plaintiffs state that Defendants Hira Corporation, Sweer Hira Group Inc., Mohammed Tariq, and Twisted Gelato LLC (collectively, "Injunction Defendants") are deliberately violating the Court's Temporary Restraining Order ("TRO"). (*See id.* at 2–3).

## I.      Background

Plaintiffs filed their Verified Complaint and Motion for Temporary Restraining Order on February 23, 2026. (Docs. 1, 2). Plaintiffs argued that Defendants were former Baskin-Robbins franchisees, whose Franchise Agreements were terminated due to non-payment of required fees. Despite terminating the Agreements, Plaintiffs asserted that Defendants continued to operate ice cream shops at the "Glendale Restaurant" and the "Peoria Restaurant", in violation of their Agreements, and continued to use Baskin-Robbins trademarks and trade dress, in violation of the Lanham Act. (*See generally* Doc.

2). The Court held a hearing on this matter on February 26, 2026. (*See* Doc. 12). Injunction Defendants were not present at the hearing as they had not formally been served. However, the Court found that Plaintiffs had undertaken diligent efforts to complete service and that Defendants had been reached informally by cell phone notifying them of this pending matter.

During the hearing and through their Verified Complaint and attached exhibits, Plaintiffs substantiated their breach of contract and Lanham Act claims by showing the Glendale and Peoria Restaurants continuing to operate and use Baskin-Robbins trade dress, while simultaneously intermingling branding from Mohammed Tariq's company Twisted Gelato LLC. Therefore, the Court found that Plaintiffs had shown a likelihood of success on the merits, irreparable harm, and that the public interest factors weighed in their favor. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The Court issued a TRO, requiring Injunction Defendants to, amongst other things, cease operating an ice cream restaurant in the Glendale and Peoria Restaurants and stop using any of Plaintiffs' trademarks or trade dress. (Doc. 13).

Plaintiffs effectuated service on the Injunction Defendants on February 27, 2026. (Doc. 18-1 at 5, 7, 9, 11 (certificates of service)). The documents served on Injunction Defendants included the Court's TRO. (*See id.*). Nonetheless, Plaintiffs' Motion to Hold Defendants in Contempt and Impose Sanctions included photo evidence that, as of March 3 and 5, 2026, Injunction Defendants continue to operate both the Glendale and Peoria Restaurants, sell ice cream products, and utilize Baskin-Robbins branded items. (Doc. 18 at 2–3; Doc. 18-2 at 2–3, 5, 7, 9).

## II.    Legal Standard

"A court has power to adjudge in civil contempt any person who willfully disobeys a specific and definite order requiring him to do or to refrain from doing an act. A person fails to act as ordered by the court when he fails to take 'all the reasonable steps within his power to insure compliance with the court's order.' " *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1146–47 (9th Cir. 1983) (citations omitted) (quoting *Sekaquaptewa v. MacDonald*,

544 F.2d 396, 406 (9th Cir. 1976), *cert. denied*, 430 U.S. 931 (1977)). "However, if the disobedience is based on a good faith and reasonable interpretation of the court's order, no contempt shall issue." *ReBath LLC v. HD Solutions LLC*, 2019 WL 5420428 (D. Ariz. 2019) (citing *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 889 (9th Cir. 1982)). Additionally, an "alleged contemnor may defend against a finding of contempt by demonstrating a present inability to comply." *U.S. v. Ayres*, 166 F.3d 991, 994 (9th Cir. 1999).

"The party alleging civil contempt must demonstrate that the alleged contemnor violated the court's order by 'clear and convincing evidence,' not merely a preponderance of the evidence." *In re Dual–Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993).

**III.    Discussion**

Upon review of Plaintiffs' Motion and attached exhibits, the Court agrees that Injunction Defendants have not complied with the Court's Order. Plaintiffs have provided photographs, demonstrating that Injunction Defendants are proceeding with the very same conduct that the Court enjoined.

Injunction Defendants were properly served the Court's TRO and, therefore, are bound by the terms of the Order. *See* Fed. Civ. R. P. 65(d)(2). Yet, they have made no efforts to comply with the TRO. Under such circumstances, the Court finds that sanctions are appropriate. *See, e.g., Reno Air Racing Ass'n, Inc. v. McCord*, 2004 WL 3561191, *7 (D. Nev. 2004) ("[T]he court does find that sanctions are appropriate to enforce compliance through civil contempt with this court's temporary restraining order when the defendant continued to sell his merchandise after having been served with a temporary restraining order[.]").

Plaintiff request coercive sanctions in the form of "requiring the Injunction Defendants to file an affidavit of compliance within three (3) days of the issuance of the Court's order, explaining the actions they have taken to come into compliance with the TRO;" paying "sanctions for every day the Injunction Defendants continue to violate the

- 3 -

TRO in the amounts of $1,237.89 for the Glendale Restaurant and $1,106.25 for the Peoria Restaurant," "based on the Injunction Defendants' typical daily revenues obtained when they were Baskin-Robbins franchisees for each of the restaurants;" and compensating "Plaintiffs for their attorneys' fees, costs, and expenses incurred in investigating these violations and filing this Motion." (Doc. 18 at 4 (internal citations omitted)). The requested sanctions are appropriate given Injunction Defendants' lack of compliance over a week after receiving the TRO.

That said, the Court is mindful that Injunction Defendants have not appeared in this case and, in consequence, have not defended their apparent noncompliance with the Court's Order. Thus, Defendants will be provided an opportunity to do as much.

Accordingly,

**IT IS ORDERED** that Injunction Defendants must show cause by **noon on March 12, 2026**, as to why sanctions should not be issued against them.

**IT IS FURTHER ORDERED** that if Injunction Defendants fail to show cause within the time provided, the Court will grant Plaintiffs' Motion to Hold Defendants in Contempt and Impose Sanctions (Doc. 18).

**IT IS FINALLY ORDERED** that Plaintiffs shall serve a copy of this Order on Injunction Defendants.

Dated this 10th day of March, 2026.

Honorable Diane J. Humetewa
United States District Judge