**WO**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BR IP Holder LLC, et al., | No. CV-26-01275-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| Hira 31 Corporation, et al., | |
| Defendants. | |

This matter is before the Court on its own review.  Recently, Plaintiffs BR IP Holder LLC and Baskin-Robbins Franchising LLC's (collectively, "Plaintiffs") counsel has filed two Declarations of Service of Court Order.  (Docs. 21–22).  Upon review, the Court finds Plaintiffs' service of the Court's Order Holding Defendants in Contempt (Doc. 20) is insufficient under either Federal or Arizona Rules of Civil Procedure.  Notwithstanding this deficiency, Plaintiff filed a Motion to Extend Temporary Restraining Order (Doc. 23) on March 20, 2026.  The previous TRO expired on March 12, 2026.  (*See* Doc. 13).

Plaintiffs filed their Verified Complaint and Motion for Temporary Restraining Order on February 23, 2026. (Docs. 1, 2).  Plaintiffs effectuated service of the same on the Injunction Defendants on February 27, 2026. (Doc. 18-1 at 5, 7, 9, 11 (certificates of service)).[1]  On March 9, 2026, Plaintiffs filed a Motion to Hold Defendants in Contempt

---

[1] Plaintiffs also effectuated service of the TRO issued by the Court on February 27, 2026. Plaintiffs did not separately file proof of service of the Complaint, Summons, TRO, or Order on the TRO on Injunction Defendants, but instead attached those certificates of service as exhibits to their Motion to Hold Defendants in Contempt and Impose Sanctions. (*See* Doc. 18-1 at 5, 7, 9, 11).  To clarify the record, Plaintiffs are instructed to separately file any affidavit of service in the future.

and Impose Sanctions (Doc. 18).  The Court ordered Defendants to show cause why the Motion should not be granted March 12, 2026 (Doc. 19) and instructed Plaintiffs to serve a copy of the Order on Defendants.  (*Id*.)  Defendants did not respond to the Order to Show Cause, and on March 13, 2026, the Court granted Plaintiffs' Motion and required Plaintiffs to immediately serve Defendants with the Order and file an affidavit of service.  (Doc. 20 at 2).  Plaintiffs subsequently filed two declarations completed by their counsel notifying the Court that service had been completed by mail.  (*See* Docs. 21–22).  The Court has reviewed these declarations and finds this is not sufficient service under the law.

Rule 4(e) of the Federal Rules of Civil Procedure provides that an individual (with exceptions not relevant here) may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Under Rule 4.1(d) of the Arizona Rules of Civil Procedure, an individual may be served within Arizona using the same methods outlined in Rule 4(e)(2) of the Federal Rules. Rule 5 of both the Federal and Arizona Rules accounts for service by mail of other papers and pleadings, but this means of service is only appropriate *after the appearance* of a party. *See* Fed. R. Civ. P. 5(c); Ariz. R. Civ. P. 5(b)(2).[2]

The Court's Order to serve Injunction Defendants did not authorize service by mail,

_____

[2] Ariz. R. of Civ. P. 4.2(c) also allows for service by mail when the serving party knows the address of the person to be served is outside of Arizona but within the United States. However, all of the Defendants appear to be Arizona residents, so this Rule does not apply here.

nor did Plaintiffs request to serve Defendants by mail.

Plaintiffs' counsel asserts that the reason service was completed by mail rather than by personal service was "safety concerns raised by [Plaintiffs'] process server." (Doc. 21 at ¶ 6). Plaintiffs' counsel further states that the process server informed them that "Tariq's demeanor was aggressive and confrontational" during a prior personal service attempt. (*Id.*) It is unclear what prior personal service attempt Plaintiff is referencing. Notably, the certificates of service of the Complaint, Summons and TRO make no mention of any threatening or aggressive behavior on the part of Defendant Tariq. (*See* Doc. 18-1 at 5, 7, 9, 11). Plaintiffs have failed to provide timely specifics as to any aggressive behavior that would make personal service unsafe and failed to make any request for alternate service. Accordingly, the Court finds that Plaintiffs have not, to date, demonstrated reason to complete service by mail. If Plaintiffs determine that service by mail is necessary until Defendants either appear or default in this case, then the appropriate motion with adequate substantiation must be filed with the Court.

As to the Motion to Extend the TRO, the Court takes issue with Plaintiffs' claim that the Court "did not address Plaintiffs' request to extend the TRO in the Contempt Order." (Doc. 23 at 2). Plaintiffs included their request to extend the TRO in a status report attached as an exhibit to their Contempt Motion. (*See* Doc. 18-3 at 2). This is not the proper place to request relief. Moreover, in their proposed order, there was no mention of extending the TRO as would be required when a party seeks specific relief. *See* LRCiv. 7.1(b)(2). If Plaintiffs are seeking specific relief from the Court, it must be appropriately requested in their motion. The Court will not sift through attachments to a motion to look for further requested relief. That said, the Court finds that Plaintiffs have shown good cause for extending the TRO. Plaintiffs have demonstrated that, in violation of Court Orders, Injunction Defendants continue to operate ice creams shops at the Peoria and Glendale Restaurants and utilize Baskin-Robbins trademarks and trade dress. (*See* Doc. 23-1 at 5–7, 9–10). However, while the Court agrees the TRO should be extended, no such extension shall be issued until the above service issues are remedied.

Accordingly, to confirm Defendants' notice of the actions that have been taken against them,

**IT IS ORDERED** that Plaintiffs must personally serve Injunction Defendants with all filings in this matter since the Court's February 26, 2026 Order granting Plaintiffs' TRO, including but not limited to: Plaintiffs' Motion for Sanctions (Doc. 18), the Court's Order to Show (Doc. 19); the Court's Order Granting Plaintiffs' Motion for Sanctions (Doc. 20) and Plaintiffs' Declarations of Service (Docs. 21 & 22).  Separate affidavits of service shall be immediately filed with the Court.

**IT IS FURTHER ORDERED** that the Court will reserve extending the TRO until Plaintiffs have confirmed service upon Defendants.

Dated this 20th day of March, 2026.

Honorable Diane J. Humetewa
United States District Judge