**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| BR IP Holder LLC, et al., | No. CV-26-01275-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| Hira 31 Corporation, et al., | |
| Defendants. | |

On March 20, 2026, the Court instructed Plaintiffs BR IP Holder LLC and Baskin-Robbins Franchising LLC (collectively, "Plaintiffs") to personally serve Defendants Hira Corporation, Sweet Hira Group Inc., Mohammed Tariq, and Twisted Gelato LLC (collectively, "Injunction Defendants") with all filings in this matter since the Court's February 26, 2026, Order granting Plaintiffs' Temporary Restraining Order ("TRO"), including but not limited to: Plaintiffs' Motion for Sanctions (Doc. 18), the Court's Order to Show Cause (Doc. 19); the Court's Order Granting Plaintiffs' Motion for Sanctions (Doc. 20), and Plaintiffs' Declarations of Service (Docs. 21 & 22) (Doc. 24). The Court directed Plaintiffs to immediately file affidavits of service as to these filings. (Doc. 24). The Court also stated that it would reserve ruling on Plaintiffs' request to extend the TRO until it was assured Injunction Defendants were properly on notice of the filings. (*Id.*)

On March 27, 2026, Plaintiffs filed Proofs of Service, demonstrating they had effectuated personal service on Injunction Defendants on March 24 or 25, 2026. (*See* Docs. 26–30).

"Before it can impose sanctions, [] the Court is required to provide notice to Plaintiff of exactly which conduct is sanctionable and give him an opportunity to show cause as to why sanctions should not be imposed." *Johnson v. Overlook at Blue Ravine*, LLC, 2012 WL 2993890, *8 (E.D. Cal. 2012) (citing *In re DeVille*, 361 F.3d 539, 549 (9th Cir. 2004)). "A district court has no 'power to impose monetary sanctions pursuant to Fed. R. Civ. P. 11…without affording…procedural due process' which at a minimum requires notice and an opportunity to show cause why sanctions are unwarranted." *Motown Rec. Corp. v. Wilson*, 849 F.2d 1476, *2 (9th Cir. 1988) (citation omitted).

Based on the current record before it, which reflects service dates of March 24 and 25, for Plaintiffs' Motion for Sanctions (Doc. 18), the Court's Order to Show Cause (Doc. 19); the Court's Order Granting Plaintiffs' Motion for Sanctions (Doc. 20), and Plaintiffs' Declarations of Service (Docs. 21 & 22), the Court finds that Injunction Defendants were not provided the required notice and opportunity to be heard before the Court imposed sanctions for noncompliance with the TRO on March 13, 2026. Although such notice has now been provided, to comply with the requirements of due process, the Court will vacate its March 13, 2026, Order imposing sanctions. It so follows that Plaintiffs' Motion for Attorney Fees (Doc. 25) filed pursuant to that Order will also be denied.

As it indicated in its March 20 Order, however, the Court finds that Plaintiffs have shown good cause to extend the Court's February 26, 2026, TRO.[1] Plaintiffs provided evidence showing that despite their contractual obligations and the Court's February 27, 2026 TRO, Injunction Defendants continue to operate ice creams shops at the Peoria and Glendale locations and utilize Plaintiffs' trademarks and trade dress. (*See* Doc. 23-1 at 5–7, 9–10). Therefore, an extension of the TRO is warranted under these circumstances.

Accordingly,

---

[1] Unlike Plaintiffs' Motion for Sanctions (Doc. 18), the Court's Order to Show (Doc. 19); the Court's Order Granting Plaintiffs' Motion for Sanctions (Doc. 20) and Plaintiffs' Declarations of Service (Docs. 21 & 22), Plaintiffs properly effectuated service of the Complaint, Summons, Motion for TRO with Notice, and TRO upon Injunction Defendants. (*See* Doc. 18-1 at 5, 7, 9, and 11).

**IT IS ORDERED** that the Court's March 13, 2026, Order (Doc. 20) is **VACATED** and Plaintiffs' Motion for Attorneys' Fees (Doc. 25) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** directing the Clerk of Court to reinstate Plaintiffs' Motion to Hold Defendants in Contempt and Impose Sanctions (Doc. 18) as a pending motion. **Upon being personally served with this Order, Injunction Defendants shall have seven (7) days file a response to Plaintiffs' Motion to Hold Defendants in Contempt and Impose Sanctions (Doc. 18).** Plaintiffs shall have three (3) days thereafter to file any reply.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Extend Temporary Restraining Order (Doc. 23) is **GRANTED**. The Court's February 26, 2026, TRO (Doc. 13) shall remain in effect until **April 13, 2026**, after which time the TRO will expire absent a request by Plaintiff to convert the TRO to a preliminary injunction.

**IT IS FINALLY ORDERED** that Plaintiffs shall serve this Order on Injunction Defendants immediately and file an affidavit of service with the Court.

Dated this 30th day of March, 2026.

Honorable Diane J. Humetewa
United States District Judge